UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY WARREN SMITH,

Plaintiff,

v.                                                    Case No. 3:20-cv-1162-J-20JBT

RICK STALY, et al.,

Defendants.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Timothy Warren Smith, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff also moves for the appointment of counsel (Doc. 5). Plaintiff alleges Flagler County officers arrested him on September 10, 2019, for being in possession of a stolen vehicle, but they did not inventory or preserve his property, which was in the trunk of the car at the time of arrest. See Compl. at 4-5. Plaintiff does not identify the source of constitutional protections he believes Defendants violated; he only generally asserts the three arresting officers "violated [his] right to property." Id. at 3. In addition to the arresting officers, Plaintiff names as a Defendant the Flagler County Sheriff. Id. at 2. As relief, Plaintiff seeks the value of his property and punitive damages. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty

of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Notably, Plaintiff does not allege the officer-Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures. See Compl. at 3. As such, Plaintiff's allegations implicate Fourteenth Amendment due process protections. See Case v. Eslinger, 555 F.3d 1317, 1330 (11th Cir. 2009) (explaining that the retention of legally seized property does not violate the Fourth Amendment but, rather, "raises an issue of procedural due process under the Fourteenth Amendment"). However, a negligent or intentional deprivation of personal property does not constitute a due process violation "if a meaningful post[-]deprivation remedy for the loss is available." Id. at 1331 (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Plaintiff has an adequate post-deprivation remedy available to him under Florida state law.

See id. (recognizing Florida's civil cause of action for conversion provides an adequate post-deprivation remedy when law enforcement officers retain personal property). See also Fla. Stat. § 768.28 (actions against the state for loss of property).

Because Plaintiff fails to state a plausible claim for relief against the officer-Defendants, this action is due to be dismissed.[1]

Accordingly, it is

**ORDERED:**

1.   This case is **DISMISSED without prejudice**.

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of December 2020.

_____
UNITED STATES DISTRICT JUDGE

Jax-6 12/4
c:   Timothy W. Smith

---

[1] Plaintiff's claim against the Sheriff similarly fails, not only because Plaintiff does not state a plausible claim against the officers, but also because a civil rights action under § 1983 may not proceed on a theory of vicarious liability. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

4